# EXHIBIT A



# Notice of Service of Process

**null / ALL**
**Transmittal Number: 22531623**
**Date Processed: 01/07/2021**

| | |
|---|---|
| **Primary Contact:** | Rita Slager<br>SunCoke Energy<br>1011 Warrenville Rd<br>Ste 600<br>Lisle, IL 60532-0904 |
| **Electronic copy provided to:** | Sarah Albert |
| **Entity:** | SunCoke Energy, Inc.<br>Entity ID Number 3734261 |
| **Entity Served:** | SunCoke Energy, Inc. |
| **Title of Action:** | Michael Baker vs. Suncoke Energy, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Lake County Superior Court, IN |
| **Case/Reference No:** | 45D10-2101-PL-000006 |
| **Jurisdiction Served:** | Indiana |
| **Date Served on CSC:** | 01/07/2021 |
| **Answer or Appearance Due:** | 23 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| **Sender Information:** | Katherine M. Moore<br>765-482-0110 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. __45D10-2101-PL-000006__ |

| | |
|---|---|
| MICHAEL BAKER, | ) |
| Plaintiff, | ) )  ) |
| v. | ) ) |
| SUNCOKE ENERGY, INC., INDIANA HARBOR COKE COMPANY L.P. dba ARCELORMITTAL, and ARCELORMITTAL USA LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

# SUMMONS

THE STATE OF INDIANA TO DEFENDANT:  SunCoke Energy, Inc.
c/o CT Corporation System, Registered Agent
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 46204

You have been sued by the person(s) named "plaintiff", in the court stated above.

The nature of the suit against you is stated in the complaint which is attached to this summons. It also states the demand which the plaintiff has made against you.

You must answer the complaint in writing, by you or your attorney, within twenty (20) days, commencing the date after you receive this summons, (you have twenty-three (23) days to answer if this summons was received by mail), or judgment will be entered against you for what the plaintiff has demanded.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following manner of service of summons is hereby designated: * If my mail, stamped addressed envelope with return receipt attached to be prepared by attorney.

Date ....1/5/2021........................, 2021             **SERVICE BY CERTIFIED MAIL**

Katherine M. Moore, 35317-49

*Attorney for Plaintiff*

PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
225 West Main Street
P. O. Box 668
Lebanon, IN 46052
Telephone:      765-482-0110

*Lorenzo Arredondo* KP

Clerk of ......................Court of Lake County

[SEAL: LAKE COUNTY COURTS INDIANA]

## RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served the within summons:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, ……………………………… ………………………………………………………………………………… on the ……… day of ……………………………, 20……..

(2) By leaving a copy of the Summons and a copy of the complaint at ……………………………………………… …………………………………………………………… the dwelling place or usual place of abode of the said defendant, with a person of suitable age and discretion residing therein, namely ……………………………………………………………………… ………………………………………………………………………………………………………………………………………

(3) ………………………………………………………………………………………………………………………

Sheriff's Fees: …………………………..

Additional ……………………………….

………………………………………………………..
Sheriff of Lake County, Indiana

By: ………………………………………………..

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the ……….. day of …………………………………………, 20………, I mailed a copy of this summons and a copy of the complaint to the defendant, ………………………………………………………………………………………………, by ………………… mail, requesting a return receipt, at the address furnished by the plaintiff.

Dated …………………………………, 20………..

………………………………………………………..
Clerk of the …………………… Court of Lake County

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant ……………………………………………………………………….……... was accepted by the defendant on the …………….. day of …………………………………., 20…………..

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint was returned not accepted on the …………….. day of ……………………………, 20……….

I hereby certify that the attached return receipt was received by me showing that the summons and a copy of the complaint mailed to defendant ………………………………………………………………… was accepted by ……………………………………… (Age) ……………… on behalf of said defendant on the ……………… day of ……………………………………, 20…….

………………………………………………………..
Clerk of the ………………… Court of Lake County

## SERVICE ACKNOWLEDGED

A copy of the within summons and a copy of the complaint attached thereto were received by me at ……………………………… ……………………………………………, this ……………… day of ……………………………………, 20……………

………………………………………………………..
*Signature of Defendant*

1590136

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. 45D10-2101-PL-000006 _____ |

MICHAEL BAKER,            )
                          )
        Plaintiff,        )
                          )
v.                        )
                          )
SUNCOKE ENERGY, INC.,     )
INDIANA HARBOR COKE COMPANY )
L.P. dba ARCELORMITTAL, and )
ARCELORMITTAL USA LLC,    )
                          )
        Defendants.       )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:   Initiating**

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party:

    Plaintiff Michael Baker

2. Applicable attorney information for service as required by Ind. Trial Rule 5(B)(2) and for case information as required by T.R. 3.1 and T.R. 77(B):

    Michael L. Schultz, 20361-49          Katherine M. Moore, 35317-49
    PARR RICHEY FRANDSEN                  PARR RICHEY FRANDSEN
    PATTERSON KRUSE LLP                   PATTERSON KRUSE LLP
    251 North Illinois Street, Suite 1800 225 West Main Street
    Indianapolis, IN 46204                P. O. Box 668
    Telephone:    (317) 269-2500          Lebanon, IN 46052
    Facsimile:    (317) 269-2514          Telephone:   (765) 482-0110
    Email: mschultz@parrlaw.com                        (317) 269-2509
                                          Facsimile:   (765) 483-3444
                                          E-mail:      kmoore@parrlaw.com

3. All parties are shown in the caption above.

4. Case Type:    **PL**

5. I **will not** accept service by fax.

6. If this case involves support issues, social security numbers are: N/A

7. To my knowledge, there are no related cases.

8. Counsel is aware of no other information required by local rule.

          PARR RICHEY FRANDSEN PATTERSON KRUSE LLP

          Attorneys for Plaintiff

          By   /s/ Katherine M. Moore
                Katherine M. Moore, 35317-49

1590134

| STATE OF INDIANA | ) | IN THE LAKE _____ COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF LAKE | ) | CAUSE NO. 45D10-2101-PL-000006 |

MICHAEL BAKER,  )
           Plaintiff,  )
      v.  )
SUNCOKE ENERGY, INC.,  )
INDIANA HARBOR COKE COMPANY  )
L.P. dba ARCELORMITTAL, and  )
ARCELORMITTAL USA LLC,  )
           Defendants.  )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Michael Baker, by counsel, respectfully submits his complaint for damages and demand for jury trial against defendants SunCoke Energy, Inc., Indiana Harbor Coke Company L.P. dba Arcelormittal, and Arcelormittal USA LLC, and states as follows:

**Nature of the Case**

1. This is an action at law and equity for damages by Plaintiff, Michael Baker (hereinafter "Baker" or "Plaintiff"), against Defendants SunCoke Energy, Inc. ("SunCoke"), Indiana Harbor Coke Company L.P. dba Arcelormittal ("Indiana Harbor"), and Arcelormittal USA LLC ("Arcelormittal") (collectively, "Defendants"), for injury to his person, income, and property caused by Defendants' wrongful acts.

2. Plaintiff brings this action pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12101, *et seq.*, 104 Stat. 327 (1990) (Pub. L. 101-336), as amended by the ADA Amendments Act of 2008 (Pub. L. 110-325), and also pursuant to the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq.*, as amended, and also pursuant to 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991, and also pursuant to the Indiana common law doctrine of retaliatory discharge in violation of public policy. Plaintiff reserves the right to assert other and/or different legal theories as may be appropriate following a reasonable opportunity to conduct discovery in this matter.

3. Because Defendants' actions against Plaintiff were taken with actual malice and/or reckless indifference to Plaintiff's federally protected rights, Defendants are subject to an award of punitive damages pursuant to 42 U.S.C. §1981a(b)(1).

**Jurisdiction and Venue**

4. At all relevant times Plaintiff performed work for Defendants at their business location at 3210 Watling Street, East Chicago, Lake County, Indiana and Defendants routinely conducted business throughout the State of Indiana, including Lake County. All the events giving rise to this cause of action occurred within or related to the employment relationship between Plaintiff and Defendants. This Court has subject matter jurisdiction over all claims and personal jurisdiction over the parties, and venue is proper in this Court.

**Parties**

5. Plaintiff was at all times relevant to this suit a citizen of Merrillville, Lake County, Indiana.

6. SunCoke is a foreign for-profit corporation organized in Delaware with its principal office address listed with the Indiana Secretary of State's office as 1011 Warrenville Road, Suite 600, Lisle, Illinois, 60532. SunCoke's registered agent for service of process in

Indiana is CT Corporation System, 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

7. Indiana Harbor is a foreign limited partnership organized in Delaware with its principal office address listed with the Indiana Secretary of State's office at 1011 Warrenville Road, Suite 600, Lisle, Illinois, 60532. Indiana Harbor's registered agent for service of process in Indiana is CT Corporation System, 135 N. Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

8. Arcelormittal is a foreign for-profit limited liability company organized in Delaware with its principal office address listed with the Indiana Secretary of State's office as One South Dearborn, Chicago, IL 60603. Arcelormittal's registered agent for service of process in Indiana is CT Corporation System, 334 N. Senate Ave., Indianapolis, IN 46204.

9. SunCoke, Indiana Harbor, and Arcelormittal currently operate or used to operate a business located at 3210 Watling, East Chicago, IN 46312, where Plaintiff was employed.

**Factual Allegations**

10. At all times relevant to this Complaint, Plaintiff was an "employee" of Defendants within the meaning of the ADA and the ADEA.[1]

11. At all times relevant to this Complaint, Defendants were each an "employer" within the meaning of the ADA and the ADEA.

12. Plaintiff began working for Defendants on or about the summer of 2002.

---

[1] Plaintiff has various documents from his former employer; some state the company is SunCoke, some state the company is Indiana Harbor (which documents also contain the business name Arcelormittal), and other documents indicate the company is Arcelormittal USA. Accordingly, SunCoke, Indiana Harbor, and Arcelormittal are all named as Defendants herein.

3

13. In 2013, Plaintiff was involved in a serious incident when he was struck by a train while acting in the course and scope of his employment with Defendants.

14. As a result of the 2013 incident, Plaintiff sustained serious injuries which required him to have two surgeries and a substantial amount of medical care.

15. As a result of the 2013 incident, Plaintiff was placed on leave. At that time, Plaintiff was employed as a machine operator, which was a sedentary position.

16. In July 2016, Plaintiff was released by his medical providers with permanent restrictions for sedentary work.

17. Plaintiff requested a reasonable accommodation for his disability.

18. Despite being on notice of Plaintiff's reasonable accommodation request, Defendants denied Plaintiff a reasonable accommodation.

19. Defendants previously made similar accommodations for other individuals with lifting restrictions but denied the same accommodation to Plaintiff.

20. Defendants terminated Plaintiff's employment effective February 8, 2019.

21. At all times relevant to this Complaint, Plaintiff's work performance met or exceeded Defendants' legitimate expectations and Plaintiff was fully qualified for his and other positions with Defendants.

22. At the time Defendants terminated Plaintiff's employment, Plaintiff was over the age of 40.

23. Due to his age, Plaintiff was subjected to less favorable working conditions as compared to similarly-situated younger employees.

24. Defendants had or have a practice of terminating employees over the age of 40 and replacing them with employees younger than 40 in order to avoid paying benefits and to hire young employees they can pay less.

25. Plaintiff timely filed a Charge of Discrimination against Defendants with the U.S. Equal Employment Opportunity Commission ("EEOC"). The Charge generally included allegations of discrimination and retaliation in violation of the ADA and the ADEA.

26. Plaintiff has received a Notice of Right to Sue from the EEOC. This Complaint is timely filed.

27. As a direct and proximate result of Defendants' unlawful, malicious, willful, retaliatory and discriminatory actions, Plaintiff has suffered lost wages, salary, employment benefits, related financial losses, physical pain and suffering, and emotional distress.

**Count I: Discrimination in Violation of the ADA**

28. Plaintiff incorporates paragraphs 1-27 of his complaint as if fully set forth herein.

29. At all times relevant, Plaintiff was a qualified individual with a disability within the meaning of the ADA, Defendants regarded Plaintiff as disabled, and Plaintiff had a record of having an impairment that substantially limited one or more of his major life activities, of which Defendants were aware.

30. Defendants failed and refused to make or even consider reasonable accommodations for Plaintiff and ultimately terminated his employment because of his disability, his record of disability, and/or his perceived disability.

31. Plaintiff was at all relevant times capable of performing the essential functions of his position with Defendants with or without accommodation.

32. As a result of Defendants' wrongful, intentional, willful and wanton actions and omissions described herein, Plaintiff has suffered loss of income and benefits, severe emotional distress, and other significant injury to both his property and his person.

### Count II: Retaliation in Violation of ADA

33. Plaintiff incorporates paragraphs 1-32 of his complaint as if fully set forth herein.

34. Plaintiff engaged in conduct protected by the anti-retaliation provisions of the ADA codified at 42 U.S.C. §12203.

35. Defendants retaliated against Plaintiff for having engaged in protected conduct, including, without limitation, for filing a workers' compensation claim and/or for him having sought accommodation for his known disabilities or for otherwise exercising his rights under the ADA.

36. As a result of Defendants' wrongful, intentional, willful and wanton actions and omissions described herein, Plaintiff has suffered loss of income and benefits, significant emotional distress, and other significant injury to both his property and his person.

### Count III: Retaliatory Discharge in Violation of Public Policy ("Frampton Claim")

37. Plaintiff incorporates paragraphs 1-36 of his complaint as if fully set forth herein.

38. Plaintiff suffered a work-related injury which he reported to Defendants and for which he sought compensation from his employer.

39. Defendants retaliated against Plaintiff because of his exercise of his statutorily-conferred personal right to seek compensation for a work-related injury, and/or to prevent him from making such a claim.

6

40. As a result of Plaintiff's injuries sustained in the workplace, Defendants were required to make a number of improvements and changes in the workplace to prevent further injuries like those sustained by Plaintiff.

41. Defendants terminated Plaintiff to retaliate against him for reporting and seeking compensation for a workplace injury that ultimately required Defendants to make costly improvements and changes to their workplace.

42. As a direct and proximate result of Defendants' retaliatory and discriminatory actions, Plaintiff has suffered loss of income and benefits, severe emotional distress, and other significant injury to both his property and his person.

### Count IV: Discrimination in Violation of ADEA

43. Plaintiff incorporates paragraphs 1-42 of his complaint as if fully set forth herein.

44. At all relevant times and at the time he was terminated, Plaintiff was over the age of 40.

45. Defendants discriminated against Plaintiff because of his age, including, without limitation, by:

    A. Refusing to provide him the reasonable accommodation he requested;

    B. Providing accommodations to younger employees with a similar or same disability as Plaintiff; and

    C. Terminating Plaintiff's employment.

46. As a direct and proximate result of Defendants' retaliatory and discriminatory actions, Plaintiff has suffered loss of income and benefits, significant emotional distress, and other significant injury to both his property and his person.

### Count V: Race Discrimination in Violation of 41 U.S.C. § 1981

47. Plaintiff incorporates paragraphs 1-46 of his complaint as if fully set forth herein.

48. Plaintiff, who is African American, was treated less favorably than other employees of Defendants because of his race. This unlawful discrimination included, without limitation: (a) failing to provide Plaintiff with a reasonable accommodation for his disability, and (b) terminating his employment.

49. As a direct and proximate result of Defendants' retaliatory and discriminatory actions, Plaintiff has suffered loss of income and benefits, significant emotional distress, and other significant injury to both his property and his person.

### Relief Requested

WHEREFORE, Plaintiff, by counsel, respectfully requests the following relief:

A. Special damages, including, but not limited to, wages, salary, employment benefits, and other compensation denied or lost due to Defendants' above-described actions;

B. Backpay, interest on backpay, and all other relief authorized by 42 U.S.C. 2000e-5(g)

C. Interest on the amount awarded as special damages calculated at the prevailing rate, including both pre- and post-judgment interest where appropriate;

D. Compensatory damages;

E. Liquidated and/or punitive damages as appropriate;

F. Damages to compensate Plaintiff for mental anguish and emotional distress;

G. Reasonable attorneys' fees, expert witness fees, and other costs of this action; and

    H.    All other just and proper relief to which Plaintiff is entitled.

        Respectfully submitted,

By   /s/ Katherine M. Moore
    Michael L. Schultz (20361-49)
    Katherine M. Moore (35317-49)
    PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
    251 N. Illinois Street, Suite 1800
    Indianapolis, IN 46204
    Telephone:  (317) 269-2500
    Facsimile:  (317) 269-2514
    E-mail:  mschultz@parrlaw.com
           jdeweese@parrlaw.com

*Attorneys for Plaintiff Michael Baker*

## DEMAND FOR JURY TRIAL

Plaintiff Michael Baker, by his undersigned counsel, hereby requests a trial by jury pursuant to Rule 38 of the Indiana Rules of Trial Procedure.

      /s/ Katherine M. Moore
      Katherine M. Moore

1590120

CERTIFIED MAIL®

9314 7699 0430 0078 1164 64
RETURN RECEIPT REQUESTED

02 1P    $ 007.40
0002107309    JAN 05 2021
MAILED FROM ZIP CODE 46204

# PARRRICHEY
FRANDSEN PATTERSON KRUSE
251 NORTH ILLINOIS STREET, SUITE 1800
INDIANAPOLIS, IN 46204-1927

**TO:** SunCoke Energy, Inc.
c/o CT Corporation System, Registered Agent
135 N. Pennsylvania Street, Suite 1610
Indianapolis, IN 46204