UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL BAKER,<br><br>        Plaintiff,<br><br>        v.<br><br>SUNCOKE ENERGY, INC., INDIANA HARBOR COKE COMPANY L.P. d/b/a ARCELORMITTAL, and ARCELORMITTAL USA LLC,<br><br>        Defendants. | CAUSE NO. 2:21-CV-44-TLS-APR |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion for Extension of Time to Respond to Defendant ArcelorMittal USA LLC's Motion to Dismiss [ECF No. 25], filed on March 18, 2021. Defendant ArcelorMittal USA LLC ("ArcelorMittal") filed a response [ECF No. 26] on March 31, 2021, and the Plaintiff filed a reply [ECF No. 27] on April 6, 2021. Because ArcelorMittal's Motion to Dismiss [ECF No. 21] relies on documents outside the pleadings, the Court converts the motion to dismiss to a motion for summary judgment, grants the Plaintiff's request to conduct limited discovery in order to respond to ArcelorMittal's motion, and extends the deadline for the Plaintiff's response.

**BACKGROUND**

The Plaintiff filed his Complaint on January 4, 2021, against Defendants SunCoke Energy, Inc., Indiana Harbor Coke Company L.P. d/b/a ArcelorMittal, and ArcelorMittal USA LLC, alleging claims under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, and Indiana common law related to the termination of his employment. The Complaint alleges that the "Plaintiff was an

'employee' of Defendants within the meaning of the ADA and the ADEA." Compl. ¶ 10, ECF No. 5. In a footnote, the Plaintiff explains, "Plaintiff has various documents from his former employer; some state the company is SunCoke, some state the company is Indiana Harbor (which documents also contain the business name Arcelormittal), and other documents indicate the company is Arcelormittal USA. Accordingly, SunCoke, Indiana Harbor, and Arcelormittal are all named as Defendants herein." Compl. ¶ 10 n.1.

On February 25, 2021, ArcelorMittal USA LLC filed a Motion to Dismiss [ECF No. 21] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it is not the Plaintiff's employer. More specifically, ArcelorMittal argues that the Plaintiff cannot state a claim against it for reasonable accommodation and employment termination decisions because ArcelorMittal was only a third-party payroll and benefits administrator with no ability to control or direct those decisions. *See* Def.'s Mem. 1–2, ECF No. 22. In support, ArcelorMittal submitted several exhibits: declarations from two ArcelorMittal employees dated February 25, 2021; the affidavit of an Indiana Harbor Coke Company L.P. ("Indiana Harbor") employee dated February 25, 2021; a declaration from counsel for ArcelorMittal dated February 25, 2021; a document titled "Payroll & Benefits Administration Agreement" between Indiana Harbor and ArcelorMittal; and a collective bargaining agreement between Indiana Harbor and the local union. *See* ECF No. 22-1 through 22-5. In its Motion to Dismiss, ArcelorMittal relies heavily on the Payroll & Benefits Administration Agreement to show that it was a third-party payroll and benefits administrator for Indiana Harbor's bargaining unit employees and that Indiana Harbor had exclusive control over the Plaintiff's employment.

## ANALYSIS

In the instant motion, the Plaintiff asks the Court to convert the 12(b)(6) motion to dismiss to a motion for summary judgment because of ArcelorMittal's reliance on documents

outside the Complaint. He further requests a 90-day extension of time to conduct limited discovery on the issue of whether ArcelorMittal was his employer and then to respond to ArcelorMittal's motion. ArcelorMittal opposes the Plaintiff's requests, arguing that the Plaintiff impliedly referenced the Payroll & Benefits Administration Agreement in his Complaint and that the Payroll & Benefits Administration Agreement is central to the Plaintiff's claims such that it is not necessary to convert the motion to dismiss to one for summary judgment.

A motion to dismiss brought under Rule 12(b)(6) "challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). The court presumes that all well-pleaded allegations are true, views these well-pleaded allegations in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). In ruling on a Rule 12(b)(6) motion to dismiss, a court generally must confine its inquiry to the factual allegations set forth within the operative complaint. *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). However, under Rule 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). And, "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim. Such documents may be considered by a district court in ruling on the motion to dismiss." *Rosenblum*, 229 F.3d at 661 (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994)).

When a party seeking dismissal submits documents outside the pleadings, a court must either exclude the documents or convert the motion to dismiss to a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). If the

3

motion is treated as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

First, none of the documents submitted by ArcelorMittal with its motion to dismiss are referenced in the Plaintiff's Complaint. The declarations and affidavit were drafted in support of the motion to dismiss and post-date the Complaint. The Complaint also does not refer directly or indirectly to the Payroll & Benefits Administration Agreement between Indiana Harbor and ArcelorMittal or the collective bargaining agreement, documents to which the Plaintiff was not a party. Rather, the Complaint references documents "from his employer" that indicated the company is SunCoke or Indiana Harbor (which documents also contain the business name ArcelorMittal) or ArcelorMittal USA, leaving the Plaintiff uncertain as to the identity of his employer for purposes of this litigation. *See* Compl. ¶ 10 n.1.[1] Although the Payroll & Benefits Administration Agreement may clarify ArcelorMittal's relationship to Indiana Harbor and whether it is the Plaintiff's employer, the document is not referenced in the Complaint and, thus, cannot be considered without converting the motion to dismiss into a motion for summary judgment.

In its response brief, ArcelorMittal also suggests that the Court could consider only the Payroll & Benefits Administration Agreement and disregard the declarations and affidavit. However, as argued by the Plaintiff, the declarations and affidavit are necessary for the Court to properly consider the Payroll & Benefits Administration Agreement. For example, the Payroll & Benefits Administration Agreement expired, by its own terms, in 2012, *see* Def.'s Mem. Ex. 4 ¶ 6, ECF No. 22-4, but the Plaintiff's employment was not terminated until 2019, *see* Compl.

---

[1] Contrary to ArcelorMittal's reasoning, the description of those documents does not imply that the Plaintiff was referencing the Payroll & Benefits Administration Agreement simply because the Payroll & Benefits Administration Agreement also contains the names of both Indiana Harbor and ArcelorMittal and explains the relationship between the companies. *See* Def. Resp. 3 n.2, ECF No. 26.

¶ 20. It is only the Declarations of Wayne Harman and James Vilga that explain that the Payroll & Benefits Administration Agreement was "extended through practice" and that "ArcelorMittal and [Indiana Harbor] presently follow the terms and conditions of this Agreement." Def. Mem. Ex. 1 ¶ 13, ECF No. 22-1; Def. Mem. Ex. 2 ¶ 12, ECF No. 22-2. In addition, the Affidavit of Rhonda DeHaarte serves to authenticate the Payroll & Benefits Administration Agreement. See Def. Mem. Ex. 3 ¶¶ 1, 4, ECF No. 22-3.

Accordingly, the Court will consider the documents submitted by ArcelorMittal and convert its motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court grants the parties leave to conduct limited discovery on the issue of whether ArcelorMittal was the Plaintiff's employer for purposes of his claims as alleged in the Complaint and which ArcelorMittal disputes in its Motion to Dismiss.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Plaintiff's Motion for Extension of Time to Respond to Defendant ArcelorMittal USA LLC's Motion to Dismiss [ECF No. 25]. The Court converts the Motion to Dismiss [ECF No. 21] to a motion for summary judgment and ORDERS that the deadline for the Plaintiff to respond to the motion is extended to July 13, 2021. The Court further GRANTS the parties leave to conduct limited discovery as set forth above.

SO ORDERED on April 13, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT