UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MICHAEL BAKER, <br><br> Plaintiff, <br><br> v. <br><br> SUNCOKE ENERGY, INC., INDIANA HARBOR COKE COMPANY L.P. d/b/a ARCELORMITTAL, and ARCELORMITTAL USA LLC, <br><br> Defendants. | CAUSE NO. 2:21-CV-44-TLS-APR |

## OPINION AND ORDER

This matter is before the Court on Defendant ArcelorMittal USA LLC's Motion for Summary Judgment [ECF No. 21]. For the reasons set forth below and in light of the Plaintiff's agreement, the Court grants the motion.

## BACKGROUND

The Plaintiff filed his Complaint [ECF No. 5] on January 4, 2021, against Defendants SunCoke Energy, Inc., Indiana Harbor Coke Company L.P. d/b/a ArcelorMittal ("IHCC"), and ArcelorMittal USA LLC, alleging claims under the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. § 1981, and Indiana common law related to the termination of his employment. The Complaint alleges that the "Plaintiff was an 'employee' of Defendants within the meaning of the ADA and the ADEA." Compl. ¶ 10, ECF No. 5. In a footnote, the Plaintiff explains, "Plaintiff has various documents from his former employer; some state the company is SunCoke, some state the company is Indiana Harbor (which documents also contain the business name Arcelormittal), and other documents indicate the company is Arcelormittal USA. Accordingly, SunCoke, Indiana Harbor, and Arcelormittal are all named as Defendants herein." Compl. ¶ 10 n.1.

On February 25, 2021, ArcelorMittal USA LLC filed a Motion to Dismiss [ECF No. 21] pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that it was not the Plaintiff's employer. On April 13, 2021, the Court converted the motion to a motion for summary judgment and granted the parties leave to conduct limited discovery on the issue of whether ArcelorMittal USA LLC was the Plaintiff's employer for purposes of his claims in this case. *See* Apr. 13, 2021 Op. & Order, ECF No. 29. On September 13, 2021, the Plaintiff filed a response brief [ECF No. 33], agreeing to the entry of summary judgment in favor of ArcelorMittal USA LLC.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citation omitted).

## ANALYSIS

Defendant ArcelorMittal USA LLC seeks dismissal from this litigation on the basis that it was not the Plaintiff's employer for purposes of the Plaintiff's claims in this case. To bring his discrimination and retaliation claims against ArcelorMittal USA LLC, the Plaintiff must show that ArcelorMittal USA LLC was his employer. *See Harris v. Allen Cnty. Bd. of Comm'rs*, 890 F.3d 680, 683 (7th Cir. 2018) (citing *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015)). As noted by ArcelorMittal USA LLC, a plaintiff may bring a discrimination claim

against a defendant who is not his direct employer under certain limited circumstances. *See id.* (citing *Love*, 779 F.3d at 701); Def.'s Mem. in Support of Mot. to Dismiss 6–7, ECF No. 22.

After conducting limited discovery and given the Defendants' answers to the Plaintiff's requests for admission, the Plaintiff agrees that ArcelorMittal USA LLC was not the Plaintiff's employer as that term applies to this litigation. Specifically, Defendant IHCC admitted that it employed the Plaintiff during the time periods that are relevant to this case, "that no other entity besides IHCC was Plaintiff's employer with respect to any of his claims," and that "no other entity besides IHCC could be liable for alleged discrimination or retaliation if proven in this case." Pl.'s Resp., Ex. C (Resp. Nos. 17, 18), ECF No. 33-3. Although ArcelorMittal USA LLC admitted that it administered and processed the Plaintiff's worker's compensation claim, it denied being the Plaintiff's employer. Pl.'s Resp., Ex. A (Resp. Nos. 9, 16), ECF No. 33-1. Finally, Defendant SunCoke denied all requests for admission. Pl.'s Resp., Ex. B, ECF No. 33-2.

Accordingly, summary judgment in favor of ArcelorMittal USA LLC is proper.

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS Defendant ArcelorMittal USA LLC's Motion for Summary Judgment [ECF No. 21]. The Court DIRECTS the Clerk of Court to enter judgment in favor of Defendant ArcelorMittal USA LLC and against Plaintiff Michael Baker. The case remains pending against Defendants SunCoke Energy, Inc. and Indiana Harbor Coke Company L.P. d/b/a ArcelorMittal.

SO ORDERED on September 24, 2021.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
